IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CR-57-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER ON PRELIMINARY |
| | ) | EXAMINATION AND DETENTION |
| JUSTIN ANDREW ELKERT, | ) | 18 U.S.C. § 3141 *et seq.* |
| | ) | Fed. R. Crim. P. 32.1(a)(6) |
| Defendant. | ) | |

This matter came before the court today for a preliminary examination on the government's motion to revoke Defendant's supervised release and for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3141 *et seq.*

Following his conviction for distribution of a quantity of a mixture and substance containing methamphetamine hydrochloride, in violation of 21 U.S.C. § 841, Defendant commenced a 27-month term of supervised release on or about October 6, 2023. [DE-43, -66]. In its motion to revoke supervision, the government alleges Defendant has violated the terms of supervised release by engaging in new criminal conduct, namely, felony possession of schedule 1 controlled substance, maintaining a vehicle/dwelling/place for a controlled substance and contempt of court. [DE-66].

At the commencement of the consolidated hearings, Defendant advised the court through counsel of his intention to waive the preliminary examination in this matter. The court conducted further inquiry of Defendant and counsel in open court, and accepted Defendant's knowing and voluntary waiver of the preliminary examination. Accordingly, the court finds probable cause to support the government's motion for revocation of Defendant's supervised release.

In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish

by clear and convincing evidence that he will not pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

The law requires that Defendant be detained pending further proceedings on the grounds that he represents a danger to the community and risk of nonappearance, based on the following principal findings and reasons: (1) the nature of the alleged violations and the strength of the government's case for revocation based on the proffer made by the United States Probation Officer Henry Ponton and Assistant United States Attorney Bradley DeVoe, (2) Defendant's criminal history, and (3) other findings and reasons stated in open court. The court has considered the proffer by the Assistant Public Defender regarding releasing Defendant to a substance abuse treatment facility in Raleigh, but finds this an inadequate release plan, considering the structure of the program, nature of the alleged violations, Defendant's history, and other reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in an appropriate correction facility pending resolution of this matter. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 20th day of March 2025.

Robert B. Jones, Jr.,
United States Magistrate Judge

2